1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD KNUTSON,

11              Plaintiff,                    No. CIV S-07-0981 LKK EFB P

12         vs.

13   LUCKY STORE, INC., et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16         Plaintiff, a prisoner without counsel, filed a complaint on May 24, 2007.  On June 29,

17   2007, the court ordered plaintiff to submit a clearly printed or typed complaint because

18   the handwritten complaint filed by plaintiff was illegible.  The court also warned plaintiff that it

19   would recommend dismissal of this action if plaintiff did not comply with its order.

20         On January 18, 2008, plaintiff filed a first amended complaint.  Like the original

21   complaint, the first amended complaint is handwritten and mostly illegible.  It also does not

22   comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil

23   Procedure.  This rule requires the pleader to set forth his averments in a simple, concise, and

24   direct manner.[1]  The degree of simplicity and conciseness required depends on the subject matter

25   _____

26         [1]  A party need only plead in terms that are sufficient to provide the necessary notice to
     his adversary, and evidentiary material supporting the general statements normally should not be

of the litigation, the nature of the claims or defenses presented and the number of parties involved.  Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The court will not dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  But before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) (encouraging "firm application" of federal rules in prisoner cases).  The court should not have to guess or speculate at what claims plaintiff is attempting to assert, and why.

Plaintiff's first amended complaint, which is mostly illegible, violates Rule 8(a) of the Federal Rules of Civil Procedure.  In reviewing the first amended complaint, the court is required to guess who is being sued for what.  Plaintiff names the Lucky Meat Distribution Plant and Warehouse, the International Brotherhood of Teamsters, Local 70, and Home Depot Incorporated as the defendants in this action.  However, plaintiff seeks specific performance from the "American Indian People" as well as injunctive relief against the California Department of Corrections.  First Am. Compl. ¶¶ 23, 34.  Plaintiff also refers to this action as a "habeas matter," yet he does not appear to be challenging the legality or duration of his confinement.  *Id.* at ¶ 34.  Rather, the bulk of plaintiff's first amended complaint appears to allege claims of conspiracy and antitrust and securities violations.  It is not clear whether plaintiff intends to

set out in the pleadings but rather should be left to be brought to light during the discovery process.  Wright & Miller, *Federal Practice & Procedure*, vol. 5 § 1281 Rule 8 p. 519 (1990).

bring a petition for a writ of habeas corpus, whether he intends to sue for civil rights violations or whether he intends to sue for securities and antitrust violations. Plaintiff must clearly and legibly explain the wrong that has been committed and clearly explain how each entity or individual identified as a defendant was involved and what relief plaintiff requests of each defendant. *See Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984).

If the pleading were served in its present form it would not give the named defendants fair notice of the claims against them and their best guess about the nature of plaintiff's complaint may be quite different than the court's. *See McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours, and may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved); *see also Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674-75 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1049-50 (9th Cir. 1971). Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint that complies with Rule 8(a) and is clearly printed or typed. Plaintiff's amended complaint must also adhere to the following requirements:

A complaint must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

More than one claim against a single defendant may be joined in the same action. Fed. R. Civ. P. 18(a).

Claims against different defendants may be joined in the same action only if the claims arise from the same transactions or occurrences. Fed. R. Civ. P. 20(a).

Each claim founded upon a separate transaction or occurrence must be set apart as a "separate count." Within each count, the circumstances that give rise to the claim must be alleged in separate, numbered paragraphs. Fed. R. Civ. P. 10(b).

1    These allegations must be short and plain, simple and direct and describe the relief

2    plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002);

3    *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

4         Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

5         The amended complaint must be complete in itself without reference to plaintiff's

6    original complaint or first amended complaint.  Local Rule 15-220.

7         A prisoner pursuing claims without counsel, like all other litigants, is required to obey

8    the court's orders, including an order to amend his pleading.  *Ferdik v. Bonzelet*, 963 F.2d 1258,

9    1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  His failure to

10   obey the court's orders and the local and federal rules and meet his responsibilities in

11   prosecuting this action may justify dismissal, including dismissal with prejudice.  *Ferdik*, 963

12   F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with

13   order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming

14   dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of

15   amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000)

16   (denying motion for leave to file third amended complaint and dismissing action with prejudice

17   for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33

18   (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute);

19   *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for

20   pro se prisoner's failure to comply with local rule requiring he notify the court of any change of

21   address).

22        Additionally, plaintiff moved for sanctions on December 6, 2007.  Where appropriate a

23   court may impose sanctions after notice and a reasonable opportunity to respond is provided to

24   the party against whom sanctions are sought.  Fed. R. Civ. P. 11(c)(1).  Here, no party has been

25   served and it is unclear against whom plaintiff seeks sanctions.  The motion identifies Lucky

26   Store Inc., et al., as defendants, yet plaintiff addresses the motion to the California Department of

Corrections and alleges "state interference" as the ground for imposing sanctions. Pl.'s Mot. for Sanc., at 2. Furthermore, and like the first amended complaint, the motion and accompanying declaration are handwritten and mostly illegible. Accordingly, plaintiff's motion for sanctions will be denied.

Accordingly, it is ORDERED that:

1. The first amended complaint is dismissed with leave to amend within 30 days. The amended complaint must correct the deficiencies identified herein and be clearly printed or typed. The amended complaint must also comply with the pleading requirements of Rule 8(a) as well as the other pleading requirements described above. Failure to comply with this order will result in a recommendation that this action be dismissed without further leave to amend.

2. Plaintiff's December 6, 2007 motion for sanctions is DENIED.

So ordered.

Dated:  September 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE